**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4240**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

REBECCA FOWLER FAIRCLOTH,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:12-cr-00058-GMG-DJJ-4)

Submitted:  October 10, 2013          Decided:  October 21, 2013

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William T. Rice, Martinsburg, West Virginia, for Appellant. Stephen Donald Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rebecca Fowler Faircloth appeals the fifty-seven-month sentence imposed following her guilty plea to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Faircloth's counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether Faircloth's 1996 state conviction for uttering — for which she was sentenced to one to ten years' imprisonment — was improperly counted in determining her criminal history score. Faircloth was notified of her right to file a supplemental pro se brief but has not done so. Following careful review of the record, we affirm.

Because Faircloth did not object at sentencing to the assessment of criminal history points for her uttering conviction, our review is for plain error. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993). A defendant receives three criminal history points for a prior sentence that exceeded one year and one month of imprisonment "that was imposed within fifteen years of the defendant's commencement of the instant offense." <u>U.S. Sentencing Guidelines Manual</u> ("USSG") § 4A1.2(e)(1) (2012); <u>see</u> USSG § 4A1.1(a). Also counted is any such sentence, "whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period."

2

USSG § 4A1.2(e)(1). The unrefuted presentence report establishes that, within the fifteen-year look-back period, Faircloth was incarcerated pursuant to the sentence imposed following her uttering conviction. We therefore reject Faircloth's challenge to the district court's calculation of her criminal history score.

In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious issues. We therefore affirm the district court's judgment. This court requires that counsel inform Faircloth, in writing, of the right to petition the Supreme Court of the United States for further review. If Faircloth requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Faircloth.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3